DECISION.
On February 24, 1999, defendant-appellant David Walton was operating a tractor-trailer with an oversized load in Cincinnati without a valid city permit. Walton was moving a piece of equipment to the Ft. Washington Way construction site. At 8:20 a.m., Cincinnati Police Officer Edwards stopped Walton and issued a traffic citation for failing to obtain a city permit to move an oversized load on city streets. Officer Edwards told Walton how to obtain a permit and ordered Walton not to move the vehicle until he applied the proper signage and warning flags and obtained a valid permit.
An hour later, Walton moved his truck without having followed Officer Edwards's instructions. At this time, Officer Edwards cited Walton again for moving the oversized load without the required permit. Additionally, Officer Edwards cited Walton for failing to comply with an order or signal of a police officer, in violation of R.C. 2921.331(A). During the one-hour period between citations, Walton's employer had unsuccessfully attempted to secure a permit and had then directed Walton to move the equipment.
As a result of a plea agreement, Walton entered a plea of no contest to one of the oversized-load charges. Walton then proceeded to a bench trial on stipulated facts on the failure-to-comply charge. The trial court found Walton guilty of both charges. Walton appeals the failure-to-comply conviction.
In his first assignment of error, Walton contends that the trial court erred in finding him guilty because "the record is devoid of evidence that [his] conduct was reckless[,] which is the standard necessary to measure culpability and sustain a conviction." In his second assignment of error, Walton claims that the trial court erred in finding him guilty because conduct that is violative of R.C. 2921.33(A) must be contemporaneous with an officer's order.
R.C. 2921.331(A) provides:
 No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.
Assuming arguendo that R.C. 2921.331(A) requires a finding of recklessness, we hold that Walton's conduct in this case was at least reckless. Despite Officer Edwards's order to Walton only an hour before, Walton directly violated the order and moved his truck without having obtained the proper permit. Therefore, we overrule Walton's first assignment of error.
With respect to Walton's second contention — that in order to violate R.C. 2921.331(A), the offender's conduct must be contemporaneous with the police officer's order or signal — we cannot agree that he should have been acquitted because his conduct occurred an hour after Officer Edwards's order. The language of R.C. 2921.331(A) contains no requirement that a violation be linked to conduct occurring immediately upon a police officer's order. "The plain meaning of the statute is that a person is guilty of failure to comply, if, after receiving a lawful order from a police officer invested with authority to direct, control, or regulate traffic, that person failed to comply with that order."[1] The officer's order in this case specifically forbade the action taken by Walton only a short time after the order was given. We overrule Walton's second assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 SUNDERMANN, J., concurs.
PAINTER, P.J., dissents.
[1] State v. Wagenknecht (June 29, 1994), Wayne App. No. 2864, unreported.